# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER EDWARD JEROME BIEROS, | : | CIVIL ACTION NO. 1:13-CV-2567 |
| | : | **(Chief Judge Conner)** |
| **Petitioner** | : | |
| v. | : | |
| T. BICKELL, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 10th day of December, 2013, upon consideration of the motion (Doc. 10) to appoint counsel filed on November 19, 2013, by Roger Edward Jerome Bieros ("Bieros"), wherein Bieros requests the court to appoint counsel to represent him in connection with his petition (Doc. 1) for writ of habeas corpus, and the court observing that 18 U.S.C. § 3006A(a)(2) permits district courts to appoint counsel to represent indigent habeas petitioners when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2), but it appearing that Bieros's petition for writ of habeas corpus, which alleges violations of his due process rights in the context of proceedings before the Pennsylvania Board of Probation and Parole, does not present complex legal or factual issues, see Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991) (identifying merit and complexity of petitioner's claims as factors in determining whether to appoint counsel), and, it further appearing from his record filings to date that Bieros is capable of properly and forcefully prosecuting his petition with adequate factual investigation and appropriate citations to governing authority, see id. at 264 (observing that courts may decline to appoint counsel where

'the petitioner ha[s] 'a good understanding of the issues and the ability to present forcefully and coherently his contentions'"), and the court thus finding that the interests of justice do not require the appointment of counsel for Bieros at this stage of the proceedings, see 18 U.S.C. § 3006A(a)(2), it is hereby ORDERED that Bieros's motion (Doc. 10) to appoint counsel is DENIED.[1]

                                          /S/ CHRISTOPHER C. CONNER
                                          Christopher C. Conner, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania

---

[1] If the court later determines that an evidentiary hearing is necessary, or if further proceedings otherwise demonstrate the need for appointed counsel, the matter will be reconsidered either *sua sponte* or on motion of the petitioner.