IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER EDWARD JEROME BIEROS**, | : : : | CIVIL ACTION NO. 1:13-CV-2567 |
| Petitioner | : : | (Chief Judge Conner) |
| v. | : : | |
| **T. BICKELL**, *et al.*, | : : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Roger Edward Jerome Bieros ("Bieros"), a Pennsylvania state inmate, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, he contends that the Pennsylvania Board of Probation and Parole's ("PBPP") recalculation of his maximum sentence expiration date following his April, 2002, parole revocation hearing violated his constitutional rights. (Id.) For the reasons that follow, the petition will be denied.

**I.    Background**

Following a three-day jury trial in the Court of Common Pleas of Montgomery County, Bieros was found guilty of aggravated assault, simple assault, and recklessly endangering another person. (Doc. 11-1, at 4). On December 21, 1992, he was sentenced to a term of imprisonment of thirty months to ten years. (Id.) On May 9, 1995, he was granted parole by the PBPP; he was paroled on May 25, 1995. (Id. at 46-47). At that time, his maximum sentence expiration date was February 16, 2002. (Id. )

On November 7, 1999, Bieros was arrested by officers of the Philadelphia Police Department on new criminal charges, which prompted the PBPP to issue a warrant to commit and detain him. (Doc. 11-1, at 51, 57, 94). On January 4, 2000, the PBPP executed the warrant and detained him pending disposition of the new charges. (Id.) On February 4, 2000, the new charges were dismissed. As a result, the PBPP issued a new warrant to commit and detain Bieros based on technical parole violations. (Id. at 94). On April 14, 2000, he was recommitted for a period of eighteen months as a technical parole violator. (Id. at 59).

Shortly thereafter, on April 19, 2000, he was re-arrested for the November 1999, incident. (Id. at 95). On July 24, 2001, following a jury trial in the Court of Commons Pleas of Philadelphia County, he was convicted of aggravated assault, attempted murder and possessing instruments of crime. (Id.) On January 29, 2002, he was sentenced to a term of incarceration of twelve years and six months to twenty-five years. (Id. at 64). On April 26, 2002, the PBPP rescinded the previous technical parole violation commitment and recommitted Bieros as a convicted parole violator. (Doc. 11-1, at 67, 96.) His parole violation maximum date was recomputed as March 28, 2008. (Id.) (Doc. 11-1, at 67). He filed an administrative appeal with the PBPP on May 10, 2002; the PBPP affirmed its decision. (Id. at 82, 96.)

On June 18, 2002, Bieros initiated proceedings in the Pennsylvania Commonwealth Court.[1] (Id. at 82, 87-102). In a memorandum opinion issued on April 15, 2004, the Commonwealth Court concluded that the PBPP properly computed Bieros's maximum expiration date based on the following:

> In accordance with Gaito v. Pennsylvania Board of Probation and Parole, 488 Pa. 397, 412 A2d 568 (1980), Petitioner is entitled to credit on his original sentence for the time spent in custody based solely on the Board's warrant. Here, Petitioner is entitled to credit on his original sentence from November 8, 1999 to April 19, 2000, because the charges filed against him were dropped and he was in custody based on the Board's warrant. Because criminal charges were refiled on April 19, 2000 and Petitioner did not post bail, he was not entitled to credit on his original sentence until June 13, 2001, at which time his request for nominal bail was granted. Thus, from June 13, 2001 until July 24-2001, when he was found guilty of the criminal charges and bail [was] revoked, Petitioner was again in custody based solely on the Board's warrant and is entitled to credit on his original sentence. The time spent in custody based on the Board's warrant totals 6 months and 22 days. The Board properly credited Petitioner with this time and recalculated his maximum date to March 28, 2008.

(Id. at 99). Although he filed an appeal to the Pennsylvania Supreme Court, he failed to perfect the appeal. (Id. at 91.)

Bieros completed service of the Montgomery County sentence on March 28, 2008. He is currently serving the sentence imposed in Philadelphia County which

---

[1] Shortly thereafter, on July 3, 2002, Bieros filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. (Doc. 11-1, at 77-85; Bieros v. Kyler, 2:02-cv-4453). The district court recognized that Bieros was in the process of pursing state court remedies and dismissed the petition without prejudice. (Id.)

carries a minimum date of January 31, 2019, and a maximum expiration date of July 31, 2031. (Doc. 11-1, at 69-71).

The instant petition was filed on October 15, 2013.

## II.   Discussion

Bieros's petition pursuant to 28 U.S.C. § 2254 is challenging the PBPP's recalculation of his maximum sentence date. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review allegations of constitutional error before seeking relief in federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the PBPP, the petitioner must first file a petition for administrative review with the PBPP within thirty days of the mailing date of the PBPP's decision. See 37 Pa.Code § 73.1(a). After an administrative appeal to the PBPP, a petitioner must present his claims to the Pennsylvania Commonwealth Court. See 42 PA.C.S.A. § 763(a);

Bronson v. Pennsylvania Bd. of Prob. and Parole, 491 Pa. 549, 421 A.2d 1021 (1980). If dissatisfied with the result, petitioner must then file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. See 42 Pa.C.S.A. § 724; McMahon v. Pennsylvania Bd. of Prob. and Parole, 504 Pa. 240, 470 A.2d 1337 (1983). See also Pagan v. Pennsylvania Bd. of Prob. and Parole, No. 08-0150, 2009 WL 210488 *3 (E.D. Pa. January 22, 2009). If petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 F. App'x. 177, 181 (3d Cir. 2007).

Bieros fails to demonstrate that he satisfied the exhaustion requirement. Initially, he filed a petition for administrative review of the revocation with the PBPP, which affirmed the decision. (Doc. 11-1, at 82.) A petition for review was filed in the Pennsylvania Commonwealth Court on June 18, 2002, and, in a memorandum opinion issued on April 15, 2004, the court affirmed the PBPP's decision. (Id. at 100). Although he filed an appeal in the Pennsylvania Supreme Court, he failed to perfect the appeal. As such, he has not exhausted his state court remedies and the time to do so has expired. His failure to timely present his claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of his claims. Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D.Pa. 2004). The merits of his procedurally defaulted claims cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);

Caswell v. Ryan, 953 F.2d 853, 861–62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). Bieros has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002). Nor is there any indication that a failure to review his claim will result in a fundamental miscarriage of justice.

Notably, here, had Bieros properly presented his recalculation claim to the state courts, he would not be entitled to federal relief. The court may deny a petition for habeas corpus, notwithstanding the petitioner's failure to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2). If a parolee is recommitted for having committed a crime while on parole, he is not entitled to credit for any of the time he spent on parole. See 61 P.S. § 331.21a(a). This is true whether the petitioner is serving his parole while outside prison, or serving it constructively in prison while serving another sentence. See Merritt v. Commonwealth of Pennsylvania, 574 A.2d 597, 598, 524 Pa. 577, 580, (1990) ("one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for time spent on constructive parole"); U.S. ex rel. Henderson v. Commonwealth, 287 F.Supp. 372, 373 (W.D.Pa.1968) ("The provision of the Parole

Law which prohibits giving a convicted parole violator credit for the time 'at liberty on parole' means liberty from confinement on the particular sentence for which the petitioner is being re-entered and does not mean liberty from all confinement."). Therefore, the PBPP did not err when it calculated his maximum date on the Montgomery County sentence without credit for his time spent on parole on that sentence.

### III.     **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

**VI.** **Conclusion**

In accordance with the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       May 21, 2014